UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAREN O.[1],  
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:19-cv-1093
Cole, J.
Litkovitz, M.J.

ORDER AND REPORT AND
RECOMMENDATION

This matter is before the Court on plaintiff's counsel's motion for attorney fees under 42 U.S.C. § 406(b). (Doc. 21). The Commissioner filed a motion for leave to file her response *instanter* due to a death in counsel's family. (Doc. 22).[2]

Under Rule 6 of the Federal Rules of Civil Procedure, the Court may extend a response deadline "for good cause . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether a party shows excusable neglect, the Court weighs "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

These factors weigh in favor of granting the Commissioner's motion. Plaintiff did not file a reply memorandum opposing the motion, and the Court perceives plaintiff would not be

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

[2] The Commissioner mistakenly states that her November 21, 2023 response to plaintiff's motion was due October 14, 2023. (Doc. 22 at PAGEID 1090). Plaintiff's motion, however, was not filed until October 30, 2023—making the response due on November 20, 2023. *See* S.D. Ohio Civ. R. 7.2(a)(2).

prejudiced by the granting of the motion. The short delay in the filing of the Commissioner's opposition will have no effect on the proceedings. The reason for the delay was not within counsel's control, and she acted in good faith by seeking leave to respond one day after the response was due. The Commissioner's motion (Doc. 22) is **GRANTED**, and the Court considers the attached response (Doc. 22-1) to plaintiff's counsel's fee motion.

After plaintiff had filed a detailed statement of specific errors (Doc. 11), the parties filed a joint motion to remand the case to the Agency for further administrative proceedings. (Doc. 16). On July 29, 2020, the District Judge granted the parties' joint motion. (Doc. 17). On remand, plaintiff's Disability Insurance Benefits (DIB) application was again denied by the Agency. Plaintiff filed suit for a second time in this Court. *See* S.D. Ohio Case No. 1:21-cv-738 (Bowman, J.). After full briefing, the Court issued an Order reversing the Agency's decision and remanding for an immediate award of benefits. (*See id.* at Doc. 12).

Plaintiff's counsel seeks a total award of $33,436.75 in fees: $12,000 for his work in the above-captioned case and $21,436.75 in fees for his work in S.D. Ohio Case No. 1:21-cv-738. The Agency withheld $33,436.75 from the past due benefits owed to plaintiff ($28,009.75) and her son ($5,427.00), who was entitled to child's benefits based on the account of his mother. (Doc. 21 at PAGEID 1003-07, 1010). This Report and Recommendation addresses solely the § 406(b) fee request in the above captioned case.

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are

awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of H.H.S.*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of H.H.S.*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has determined:

3

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

The $12,000.00 fee plaintiff's counsel requests in this case, when combined with the amount of fees requested in S.D. Ohio Case No. 1:21-cv-738, falls within the 25 percent boundary. *See Cook v. Comm'r of Soc. Sec.*, No. 1:18-cv-319, 2020 WL 2507329, at *3 (S.D. Ohio May 15, 2020) (report and recommendation) (calculating the "25% statutory cap" from "the combined total sum" of the past-due benefits awarded to the plaintiff and each of his auxiliary beneficiaries—a spouse and child), *adopted*, 2020 WL 2837006 (S.D. Ohio June 1, 2020); *Wilson v. Comm'r of Soc. Sec.*, No. 17-cv-11498, 2022 WL 1005298, at *1 (E.D. Mich. Apr. 4, 2022) (awarding fees that represented 25% of the total past-due benefits awarded to the plaintiff and each of his auxiliary beneficiaries—three minor children). Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. In support of his motion, plaintiff's counsel has submitted the Notice of Award letters for plaintiff and her son (Doc. 21 at PAGEID 1003-12); a copy of the contingency fee agreement he entered into with plaintiff (*id.* at PAGEID 1013)[3]; a letter from plaintiff endorsing her counsel's receipt of the full 25% withheld from her and her son's past-due benefits by the Agency (*id.* at PAGEID 1014); an itemized

---

[3] Plaintiff agreed to pay her counsel "a fee for his services equal to twenty five percent (25%) of all past due benefits payable to me *and my family* resulting from this appeal." (Doc. 21 at PAGEID 1013 (emphasis added)).

4

billing sheet showing that plaintiff's counsel performed a total of 17.75 hours of work on the above-captioned case in this Court (*id.* at PAGEID 1015-16); his affidavit, which details his long career as a practitioner in this area (*id.* at PAGEID 1017-18); and a 2019 Ohio State Bar Association publication surveying regional market hourly rates (*id.* at PAGEID 1019-89).

Dividing the $12,000.00 requested by plaintiff's counsel by the 17.75 hours he worked on the above-captioned case before this Court yields a hypothetical hourly rate of $676.06. In determining whether plaintiff's counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 420-21 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id*.

Plaintiff's counsel avers that his standard, non-contingent hourly rate is $350.00. (*See* Doc. 21 at PAGEID 1018). The $676.06 hypothetical hourly rate is below twice plaintiff's counsel's standard rate (i.e., $700.00) and rates previously approved by the Court for comparable work in the relevant market. *See, e.g.*, *Martin v. Comm'r of Soc. Sec.*, No. 3:13-cv-336, 2017

5

WL 443137, at *2 (S.D. Ohio Feb. 2, 2017) (report and recommendation) (hypothetical hourly rate of $690.10 for 19.2 hours of work), *adopted sub nom. Martin v. Berryhill*, 2017 WL 680646 (S.D. Ohio Feb. 21, 2017); *Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-637, 2014 WL 5308595, at *1-2 (S.D. Ohio Oct. 16, 2014) (report and recommendation) (hypothetical hourly rate of $825.13 for 24.75 hours of work), *adopted*, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014). Therefore, the requested fee of $12,000.00 does not constitute a windfall to plaintiff's counsel. *Hayes*, 923 F.2d at 422. The Court notes that plaintiff's counsel did not unduly delay the resolution of this matter, and he achieved an excellent result in this case by obtaining favorable disability determinations for plaintiff and her son with retroactive benefits in excess of $130,000.00 (Doc. 21 at PAGEID 996, 1007, 1010). Further, plaintiff voluntarily entered into the contingency fee agreement with plaintiff's counsel, and plaintiff's counsel assumed the risk of non-payment.

The Commissioner does not oppose the fee request. (Doc. 22-1). In response, the Commissioner requests only that the Court refrain from using language in the Order that directs the Commissioner to "pay" the fees awarded. Although it is the Agency's policy to withhold past-due benefits for the payment of authorized attorney fee awards, the Commissioner states that it is ultimately plaintiff's obligation to satisfy the award.

Having reviewed plaintiff's counsel's § 406(b) fee request in light of these considerations, the Court finds that a fee of $12,000.00 is reasonable for the work plaintiff's counsel performed in this Court in the above-captioned case. Plaintiff's counsel has acknowledged that any award of fees under § 406(b) must be offset by the previous award of EAJA fees in the amount of $3,230.00[4] (*see* Doc. 21 at PAGEID 1001-02), as required under

---

[4] The District Judge previously awarded $3,630.00, but $400.00 of this amount represented costs. (*See* Doc. 20). The pending motion does not seek an award of costs.

*Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be refunded to the client).

**IT IS THEREFORE ORDERED:**

1. The Commissioner's motion for leave to file her response *instanter* is **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's counsel's application (Doc. 21) be **GRANTED** in the amount of $12,000.00 under 42 U.S.C. § 406(b); and

2. Plaintiff's counsel be **ORDERED** to remit $3,230.00 of this sum directly to plaintiff upon receipt.

Date: 1/25/2024

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAREN O.,                                 Case No. 1:19-cv-1093
     Plaintiff,                             Cole, J.
                                                 Litkovitz, M.J.

     vs.

COMMISSIONER OF
SOCIAL SECURITY,
     Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).