UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAREN O.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 1:19-cv-1093

JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

**OPINION AND ORDER**

Before the Court is Magistrate Judge Litkovitz's Report and Recommendation (R&R, Doc. 24). The R&R recommends that the Court grant Plaintiff Karen O.'s (KO) "Motion by Plaintiff's Attorney for Fees Under the Social Security Act, 42 U.S.C. § 406(b)" (Doc. 21) pursuant to § 206 of the Social Security Act (SSA), 42 U.S.C. § 406(b). (Doc. 24, #1112). For the reasons briefly discussed below, the Court **REJECTS** the R&R (Doc. 24) and **DENIES** KO's Motion (Doc. 21).

BACKGROUND

Attorney's fees are somewhat complicated in social security cases, and even more so here. So, the Court lays some groundwork for how attorney's fees generally work in the social security context before turning to the specific wrinkles that the facts of this case present.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

A.   **Social Security Fees Generally**

In social security cases, attorneys for a claimant can sometimes receive fees under both the Equal Access to Justice Act (EAJA) and § 206(b)(1)(A) of the SSA, 42 U.S.C. § 406(b)(1)(A). The former statute requires the United States to pay fees to a prevailing party in the cases to which it applies if the Government's position was not "substantially justified." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting 28 U.S.C. § 2412(d)(1)(A)). These fees are determined according to how many hours the attorney works multiplied by an hourly rate, which is almost always capped at $125 an hour. *Id*; 28 U.S.C. § 2412(d)(2)(A). And the amount the Court awards comes directly from the Government, not from any benefits award the client may have received.

In contrast to fees awarded under the EAJA, § 206(b)(1)(A) of the SSA provides federal courts the authority to award reasonable attorney's fees in social security cases, but only when the court renders a favorable judgment for the claimant. 42 U.S.C. § 406(b)(1)(A). That fee is awarded "out of, and not in addition to," past-due benefits, and may not exceed 25% of the total past due benefits awarded. *Id*. Further, a court may award these fees for work done only before the Court, not before the Secretary. *Horenstein v. Sec'y of Health & Hum. Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc).

In addition, Congress "harmonized" the dual fee structure to maximize the amount of past-due benefits a successful claimant receives without depriving the attorney of the larger of the two possible statutory fee awards. *Gisbrecht*, 535 U.S at 796. Specifically, the EAJA fees do not "stack" with fees awarded under § 206(b)(1)(A).

2

Instead, when a claimant's attorney has been awarded fees under both the EAJA and § 206(b)(1)(A), the attorney refunds the smaller of the two amounts back to the claimant—in other words, the EAJA fee award offsets the § 206 award so less of the past-due benefits is used up by fees. *Id.*

An example illustrates this latter point: Assume a successful claimant receives $100,000 in past-due benefits, that the attorney expended 100 hours in court accomplishing that end, and that he has a 25% contingency arrangement with the claimant. Under EAJA, the attorney is entitled to $12,500 (100 hours x $125 per hour), while under the contingency fee arrangement he is entitled to $25,000 (leaving the claimant with $75,000 of the $100,000 award). The attorney "refunds" the lesser of the two (the $12,500 EAJA award in this example) to the claimant, so the claimant actually receives a total of $87,500, which represents the combination of $75,000 (i.e., the $100,000, less the $25,000 fee) *plus* the $12,500 EAJA award amount.

Beyond that, unlike the case with the EAJA, as noted above § 206(b)(1)(A) provides for fees only when benefits are eventually awarded. This could happen either because (1) the court remanded the matter to the Social Security Administration (the Administration) to award benefits, or (2) the court remanded for the Administration to conduct further proceedings to reconsider its earlier decision and the Administration then concluded that benefits were warranted. *See* SSA § 205(g); 42 U.S.C. § 405(g). Either way, the successful claimant's attorney can then seek fees from the court for the work performed before that tribunal. *Horenstein*, 35 F.3d. at

262 ("For services performed in a federal court *where the court awards benefits*,² the attorney fee award is limited to 25 percent of past-due benefits. [And] in cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee—limited to 25 percent of past-due benefits—for the work performed before it." (emphasis added)); *McGraw v. Barnhart*. 450 F.3d 493, 503 (10th Cir. 2006) ("[A]n award of benefits made after a court-ordered remand is an award made 'by reason of' the court's judgment." (quoting SSA § 206(b)(1)(A), 42 U.S.C. § 406(b)(1)(A))).

**B.    KO's Adjudication**

With that background on fee awards out of the way, turn to the facts here. On April 4, 2016, KO filed an application for Social Security Disability Insurance Benefits (DIB). (Doc. 9-2, #54). An Administrative Law Judge (ALJ) denied KO's claim on December 13, 2018. (*Id.* at #67). After this adverse decision and the Appeals Council's declining to review the ALJ's determination, (*id.* at #31), KO sued in this Court. (Compl., Doc. 1). After she filed a Statement of Specific Errors (Doc. 11), the parties agreed to remand the case to the Administration for reconsideration. (Doc. 16). On July 29, 2020, the Court granted the parties' motion pursuant to the fourth sentence in § 205(g) of the SSA, 42 U.S.C. § 405(g). (Doc. 17). Achieving a sentence

---

² To clarify, only the Administration that has authority to certify payment after a final decision of the Commissioner or final judgment of the Court. SSA § 205(i); 42 U.S.C. § 405(i). So even when a Court determines that all essential factual issues have been resolved and concludes that the claimant must be awarded benefits, the Court still remands the case back to the Administration for the payment to be made and certified. *See, e.g., Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

4

four remand denoted KO had obtained "prevailing party" status for EAJA purposes, *Kerr ex rel. Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 931 (6th Cir. 2017), so the parties jointly moved for the Court to award her counsel $3,230 in attorney's fees under that statute, (Doc. 19), which motion the Court granted, (Doc. 20).

However, on remand, the Administration denied KO's application for benefits yet again. (Doc. 21, #995). In November 2021, KO filed a second suit in the Southern District of Ohio resulting in the opening of a separate case and docket, which this time proceeded before Magistrate Judge Bowman. (*See* Doc. 25).[3] In that second case, the parties consented to have the Magistrate Judge preside over the case, (Case No. 1:21-cv-738, Doc. 4), and, on the merits, she reversed the findings of the ALJ and remanded for an immediate award of benefits, (Case No. 1:21-cv-738, Doc. 12). On remand, the Administration calculated the total award of past-due benefits as $133,747, which represented $112,039 in past-due benefits to KO and $21,708 in past-due benefits to her son. (Doc. 21, #1007, 1010).[4] No further challenge to the benefits calculation followed.

KO's counsel now seeks $33,436.75 in total fees across the two court cases (which represents 25% of the total benefits awarded in the 2021 case). (*Id.* at #997–

---

[3] As this is a companion case to KO's 2021 case, Magistrate Judge Bowman filed a courtesy copy of her Memorandum Opinion and Order in that case, *Karen O. v. Comm'r of Soc. Sec.*, No. 1:21-cv-738 (S.D. Ohio April 26, 2024) (Bowman, M.J.), ECF No. 17, on the Court's docket here. (Doc. 25). As a matter of convenience, the Court will cite to this decision by using the docket entry in this case as reference.

[4] KO's total award amount is never explicitly stated in her award letter. (*See* Doc. 21, #1008–12). However, the letter does state that 25% of the award reserved for attorney's fees equals $28,009.75. (*Id.* at #1010). The Court arrives at what is presumably KO's total past-due benefits of $112,039 by multiplying the withheld sum by four.

99, 1007, 1010). In support of that request, he filed "nearly identical" motions in both cases, noting in each the total recovery he is seeking across both, but purporting to allocate his time between the two. (Doc. 25, #1116). As a result of that allocation, KO's counsel seeks $12,000 from this Court in fees he attributes to this case (which is based on his assertion that he spent 17.75 hours, or roughly a third of the total hours incurred in both cases, on this case), (Doc. 21, #1016), and $21,436.75 from Magistrate Judge Bowman in the 2021 case (based on his allocating 37.20 hours to that case), (Doc. 25, #1117). The Administration, for its part, has withheld the $33,436.75 ($28,009.75 from the award to KO, and $5,427.00 from the amount awarded to her son), which represents the requested 25% of the total award, and has paid the remainder to the claimants. (Doc. 21, #1007, 1010).

The Commissioner of Social Security filed a response to KO's attorney's motion noting that it did not support or oppose his request for fees in this case or in the 2021 case. (Doc. 22-1; Case No. 1:21-cv-738, No. 16). With the motion fully briefed in this case (but before Magistrate Judge Bowman ruled on the nearly identical motion in the companion case), Magistrate Judge Litkovitz issued a R&R recommending that the Court grant KO's attorney's motion, award him $12,000, under § 206(b) of the SSA, and require him to remit his prior EAJA award to the claimant. (Doc. 24, #1112). No party objected to that R&R.

On April 26, 2024, before the undersigned acted on KO's motion and the R&R, Magistrate Judge Bowman, presiding over the 2021 case, awarded KO's attorney's fees capped at $23,437.47 based on his work done in *both* the 2019 case *and* the 2021

6

case. (Doc. 25, #1131). She further specified that no payment of that award would occur until this Court ruled on the motion for attorney's fees in this case. (*Id.*). And whatever amount the Court awarded in this case, she ordered that the same be deducted from the capped-award amount in the 2021 case. (*Id.*). In other words, even if this Court grants the motion for fees in this case (in which the attorney seeks $12,000) in full, that amount will be deducted from the award that Magistrate Judge Bowman issued in the 2021 case. (*Id.*). In sum, KO's attorney will receive $23,437.47 in fees no matter what the Court does here—once it rules on the pending fee motion and R&R.

One might ask why Magistrate Judge Bowman awarded a total capped amount of $23,437.47, rather than the $33,436.75, noted above. That is because of the impact of the EAJA fees in both cases. In particular, in this case (the 2019 case), as described above, the Court awarded the claimant's attorney $3,230.00 in EAJA fees. (*See* Doc. 20). Likewise, he was entitled to, but did not seek, $6,769.28 in EAJA fees for the 2021 case. (Doc. 25, #1129–30). To ensure that the EAJA fees (both those received and those the attorney did not seek but could have obtained) do not act to the detriment of the claimants, Magistrate Judge Bowman subtracted the sum of them (the $3,230.00 awarded in the 2019 case and the $6,769.28 available but not requested in the 2021 case) from the $33,436.75 otherwise due under the contingency fee arrangement. That left a total capped award in the 2021 case of $23,437.47, subject to further reduction to account for any attorney's fees separately awarded in this case. (*Id.*).

7

Given the time has passed for either KO or the Commissioner to object to the R&R and no one has objected and considering the Court has before it both the R&R and Magistrate Judge Bowman's award in the 2021 companion case, the Court concludes that the matter is ripe for review.

**LAW AND ANALYSIS**

The R&R advised both parties that they would have 14 days to serve and to file specific objections to the R&R or else forfeit the Court's de novo review. (Doc. 24, #1113); *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Neither party objected, so this Court reviews the R&R for "clear error." *See Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (citing the advisory committee notes to Federal Rule of Civil Procedure 72(b)). While no party objected, the Court nonetheless concludes that the R&R clearly erred by recommending the Court grant attorney's fees in this case. However, as described below, that conclusion ultimately does not change the overall attorney's fees that the claimant's attorney will receive for his work on behalf of claimant in this and the related case.

The central question for the Court is what is the correct award here? In *this* case, the Court remanded to the Administration only for further proceedings, not an immediate award of benefits. (Doc. 17). And the Administration in fact did not award benefits on remand. (Doc. 25, #1115). Rather KO received an award of benefits only

8

after a second judicial appeal and pursuant to a judgment in the companion case that remanded again for an immediate award of benefits. (*Id.*). The issue in this case, then, is whether a remanding court may award attorney's fees under § 206(b)(1)(A) of the SSA when the claimant does not receive benefits pursuant to that remand.

Based on the plain reading of the text, the answer must be no. Section 206(b)(1)(A) of the SSA states in pertinent part:

> "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented *before the court* by an attorney, the court may determine and allow as part of *its judgment* a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled *by reason of such judgment* … ."

42 U.S.C. § 406(b)(1)(A) (emphases added). By its plain language, this statute makes attorney's fees contingent upon a monetary award to the plaintiff. *See Gisbrecht*, 535 U.S. at 792. Specifically, they are capped at 25% of benefits awarded "by reason of," SSA § 206(b)(1)(A); 42 U.S.C. § 406(b)(1)(A), a favorable judgment. *See Gisbrecht*, 535 U.S. at 807. If a judgment does not result in an award of past-due benefits, either by its terms or by the further proceedings that occur before the Administration as a direct result of that judgment, the contingency has not been met. And perhaps more relevant here, if a later court eventually awards benefits somewhere down the line, any past-due benefits are awarded "by reason of" that *later* court's judgment, not some court farther back in the litigation timeline. *Compare Daniels v. Saul*, No. 16-cv-10390, 2021 WL 3030137, at *2–*3 (E.D. Mich. July 19, 2021) (denying a request for fees as the matter, the earlier of two companion cases, did not result in an award of benefits on remand), *with Daniels v. Comm'r of Soc. Sec.*, No. 1:19-cv-11782, 2021

9

WL 9217137, at *1–*2 (E.D. Mich. Aug. 3, 2021) (awarding fees in the later of the two companion cases); *see also Waderlow v. Saul*, 19-11871, 2021 WL 1811558, at *2 (E.D. Mich. May 6, 2021) ("[H]ad Waderlow not again appealed, she would not have been awarded past-due benefits, and her attorneys would not be entitled to 25 percent of anything.").[5]

True, the judgment in this case remanding the matter to the Administration for further proceedings was technically a but-for cause of KO's eventual receipt of benefits. The same can be said for Magistrate Judge Bowman's later judgment in the 2021 case for an immediate award of benefits. However, § 206(b)(1)(A) of the SSA speaks in terms of a singular "judgment," not plural "judgments." And that makes sense in the social security fee context where different judges might have different views on whether an attorney's requested fee award is reasonable. But given a social security claimant receives past-due benefits by virtue of only one judgment, as the statute says, commonsense suggests the Court select the judgment that directly caused the award of benefits as the forum for requesting the fee award under § 206(b). Here, that judgment directly instrumental in KO's obtaining past-due benefits is Magistrate Judge Bowman's later judgment in the 2021 case. Accordingly, fees under § 206(b) of the SSA should not be awarded in this matter.

---

[5] The *Waderlow* court further held that no court could award fees under § 206(b) of the SSA for work done in a case resulting in a denial of benefits on remand, even if benefits are awarded after a second appeal. 2021 WL 1811558, at *2. This Court does not adopt that holding.

## CONCLUSION

In sum, the Court's earlier judgment in this case remanding the matter to the Administration was not the direct cause of KO's award of past-due benefits. The remand order did not specify that the Administration was to award past-due benefits to the claimant, nor did KO receive such past-due benefits on remand. Rather, KO's past-due benefits were awarded "by reason of," SSA § 206(b)(1)(A); 42 U.S.C. § 406(b)(1)(A), a judgment in a later case. This Court, therefore, may not award fees in this case under that provision,[6] and the Magistrate Judge clearly erred in recommending otherwise in the R&R.

Accordingly, the Court **REJECTS** the R&R (Doc. 24) and **DENIES** the "Motion by Plaintiff's Attorney for Fees Under the Social Security Act, 42 U.S.C. § 406(b)" (Doc. 21). So KO's attorney will receive the full measure of his fees, but only pursuant to the award entered in the 2021 case.

**SO ORDERED.**

July 16, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

[6] To be clear, the Court's holding today does not preclude the court in the second case from awarding fees for work done in this, the first case. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1220 (9th Cir. 2012).

11